UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

BRADLEY COOPER, )
      Petitioner, )
v. ) No. 1:14-cv-0057-TWP-DKL
)
BRIAN SMITH, )
)
      Respondent. )

**Entry Denying Motion to Dismiss and Directing Further Proceedings**

**I.**

The respondent has filed a motion to dismiss the petitioner's petition for writ of habeas corpus on the ground that the petitioner failed to exhaust his administrative remedies as required by 28 U.S.C. § 2254(b)(1)(A). Indiana prisoners must pursue their available administrative remedies before filing a habeas petition. *Eads v. Hanks,* 280 F.3d 728, 729 (7th Cir. 2002); *Markham v. Clark,* 978 F.2d 993, 995 (7th Cir. 1992). The failure to do so constitutes a procedural default, unless the petitioner establishes cause and prejudice to excuse the procedural default. *See Moffat v. Broyles,* 288 F.3d 978, 982 (7th Cir. 2002).

The petitioner asserts that after he mailed his first step appeal, he did not receive any response from the Facility Head. Therefore, he did not have the form to send on to the Final Reviewing Authority. In essence, he contends that he was prevented from completing the exhaustion process. The Court finds that under these circumstances, the petitioner's failure to exhaust should be excused and the action should proceed to a determination on the merits. The respondent's motion to dismiss [dkt. 11], therefore, is **denied.**

## II.

The respondent shall have **through July 25, 2014,** in which to file a further response to the petition for writ of habeas corpus. The petitioner shall have **twenty-eight (28) days** in which to file any reply to the respondent's response.

**IT IS SO ORDERED.**

Date: 06/09/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Bradley Cooper, No. 147480
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only

Electronically registered counsel