UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRADLEY COOPER, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) No. 1:14-cv-0057-TWP-DKL |
| | ) |
| BRIAN SMITH, | ) |
| | ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus**

The petition of Bradley Cooper for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. IYC 13-10-0029. For the reasons explained in this Entry, Mr. Cooper's habeas petition must be **denied**.

## I. Overview

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## II. The Disciplinary Proceeding

On September 27, 2013, Officer Frank Vanihel of the Plainfield Correctional Facility

(Plainfield") wrote a Report of Conduct charging Mr. Cooper with assault with a deadly weapon.

The conduct report states the following:

> On September 23, 2013, I F. Vahihel CPO/Investigator at the Plainfield Correctional Facility was assigned to investigate an alleged incident that occurred in the recreational building. On September 23, 2013 at approximately 10:30 AM Offender Morales, Leopoldo #212448 approached recreation staff bleeding from his back area. Offender Morales was taken to the Facility Hospital and it was determined he had numerous puncture wounds consistent with being assaulted with a pointed weapon. After completing an investigation of the incident I have determined that offender Cooper, Bradley #147480 did commit an assault with a deadly weapon causing bodily injury to Morales.

The Report of Investigation of Incident, also written by Officer F.Vanihel, states:

> On September 23, 2013 I F. Vahihel IA / CPO, was assigned to investigate an incident that occurred in the Plainfield Correctional Facility Recreation building on September 23, 2013 at approximately 10:30 AM. Information was received that offender Morales, Leopoldo #212448 had been stabbed approximately (7) times in the back. Offender Morales was escorted to medical then segregation. The medical documentation received stated that there [were] approximately (12) wounds that were found and treated, offender Morales also suffered injuries to his facial area that were consistent with blunt force trauma. I conducted an interview of offender Cooper, Bradley #147480 concerning the incident. Offender Cooper stated that he was in the gym but he stayed in the pool table area and didn't see Morales' injuries or him at recreation. During the interview I did clearly observe blood spatter on offender Cooper's shoes, [] which were confiscated for evidence. Offender Cooper was placed into segregation and sufficient evidence was collected, and intelligence was gained to determine that offender Cooper did commit an assault causing bodily injury with a weapon to offender Morales on September 23, 2013. Refer to Internal Affairs case file for evidence and statements.

On October 3, 2013, Mr. Cooper was notified of the charge of offense #102-A, assault with a deadly weapon, and was served with the conduct report and the notice of disciplinary hearing screening report. Mr. Cooper was notified of his rights and pled not guilty. He requested and was provided a lay advocate. He did not request any witnesses and requested as physical evidence a document showing whether the offender who stabbed Morales was left or right handed.

The hearing officer conducted a hearing on October 14, 2014. During the hearing, Mr. Cooper made the following statement:

> I know I didn't stab the guy, the red on my shoes may have been from when I was making taffy. I am left handed. His wounds were on his right side an inmate said. I was playing pool also. I was seen by numerous persons. I even told I.A. I would have tossed my shoes. I had like two hours they didn't get me for two hours. I would have thought they would have gotten the rest of my [clothes].

The hearing officer noted that, in light of Mr. Cooper's request during screening, the wounds Morales sustained were on both sides of his back in numerous locations, as well as to his facial area.

The hearing officer found Mr. Cooper guilty of offense 102-A, relying on the offender's statement, the Internal Affairs case file, confidential information, and staff reports. The following sanctions were imposed: transfer to a more secure facility; 45 day loss of telephone privileges (suspended); 360 days of disciplinary segregation; an earned credit time deprivation of 192 days, and the imposition of a previously suspended sanction of a demotion to credit class 3. The hearing officer imposed the sanctions because of the seriousness and nature of the offense, the offender's attitude and demeanor during the hearing, the degree to which the violation disrupted and endangered the security of the facility, and the likelihood of the sanction having a corrective effect on the offender's future behavior.

Mr. Cooper appealed the conviction to the head of Plainfield on October 14, 2013, who denied the appeal on October 29, 2013. Mr. Cooper failed to file a second appeal with the final reviewing authority.[1] He now seeks relief pursuant to 28 U.S.C. § 2254 arguing that his due process rights were denied.

### III. Analysis

Mr. Cooper asserts that his due process rights were violated in the following ways: 1) the conduct report was deficient because it did not include, and Mr. Cooper was not given, a copy of

---

[1] Mr. Cooper's failure to exhaust his administrative remedies was "excused" by the Court in the denial of the respondent's motion to dismiss and therefore is not at issue at this time. *See* (dkt. 15).

the report of investigation or statements from recreational staff, in violation of Adult Disciplinary Policy Procedure ("ADPP") 02-04-101; 2) recreation staff were not interviewed during Mr. Cooper's hearing or by Internal Affairs officers; and 3) the disciplinary charge was not supported by a preponderance of the evidence.

To the extent Mr. Cooper asserts that ADPP 02-04-101 was violated, relief for this claim is not available in this action because habeas corpus relief cannot be based upon a violation of state law. *Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("state-law violations provide no basis for federal habeas review."); *Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D. Ind. 1997) (violations of the Indiana ADPP do not state a claim for federal habeas relief).

Mr. Cooper's remaining claims both contend that his finding of guilt was not supported by sufficient evidence. Contrary to Mr. Cooper's suggestion, the standard of proof in this case is not a preponderance of the evidence. It is simply "some" evidence. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556. The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."). The "some evidence" standard requires "only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). "In reviewing a decision for 'some evidence,' courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *Id*. (internal quotation omitted).

Mr. Cooper argues that recreation staff did not provide witness statements in violation of his due process rights. Mr. Cooper did not request any witness statements at the time he was screened. Moreover, he is not entitled to know all of the aspects of the confidential investigation. The hearing officer could choose not to believe Mr. Cooper's denial of guilt in the face of other evidence. The conduct report, the Internal Affairs case file, staff reports, confidential report of investigation (part of which has not been disclosed to Mr. Cooper), and Mr. Cooper's statement, relied on by the hearing officer, constituted sufficient evidence to find Mr. Cooper guilty of the charge. The lenient standard of "some" evidence was satisfied in this case.

Mr. Cooper was given notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for his finding and described the evidence that he considered. As noted above, there was sufficient evidence in the record to support the finding of guilt. There were no violations of Mr. Cooper's due process rights.

## IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Mr. Cooper's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 10/15/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Bradley Cooper, No. 147480
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only

Electronically registered counsel